UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GOLDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE MILITARY DEPARTMENT, NATIONAL GUARD, STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:16-cv-00507-KJM-AC<br><br><br><br>ORDER |

Plaintiff Michelle Golden alleges that the defendants, including the California Military Department (CMD), retaliated against her husband after he reported "illegal activity," and that this caused his suicide. In light of the previous dismissal of the United States, the court ordered the remaining defendants to show cause why this case should not be remanded to state court. The defendants responded, and Ms. Golden replied to their response. The order to show cause is discharged; the court maintains subject matter jurisdiction over this action.

I.    ALLEGATIONS

Mr. Golden was a military veteran who served in the U.S. Army. Compl. ¶ 2, ECF No. 1-1. As a result of his military service, he suffered from post-traumatic stress disorder (PTSD). *Id.* After his military service, he worked for almost thirteen years as an Information

1

1  Services Branch Manager and Systems Software Specialist for the California National Guard in
2  Sacramento. *Id.* ¶¶ 12–13.

3  Ms. Golden alleges her husband "disclosed reasonably based suspicions of illegal
4  activity or noncompliance with rules or regulations directly to another employee of the state
5  agency who had authority over [him] to investigate, discover or correct the violation or
6  noncompliance." *Id.* ¶ 16. She does not specify what was disclosed, when it was disclosed, or to
7  whom the disclosure was made. But she alleges the CMD and its employees retaliated. *Id.* ¶ 17.
8  They falsified personnel reports, reduced Mr. Golden's responsibilities, demoted him, took away
9  his staff, and instituted an unspecified "adverse action" against him, even though his work was
10  satisfactory. *Id.* ¶¶ 17, 23. At the time, he was older than forty, and he was replaced by a
11  younger employee because he was making too much money. *Id.* ¶ 23. As a result, Mr. Golden
12  committed suicide on November 7, 2014. *Id.* ¶ 15.

13  II.     PROCEDURAL HISTORY

14  Ms. Golden filed her complaint in state court in late December 2015. *Id.* at 1. It
15  includes one claim, for wrongful death, and is asserted against all the defendants without
16  distinction. *See id.*; *see also* Stipulation at 2, ECF No. 20 (clarifying Ms. Golden asserts only a
17  claims for wrongful death). She also alleges the defendants' actions violated several statutes,
18  although she does not allege any separate claims for relief under these statutes: (1) age
19  discrimination under California Government Code section 12940(a); (2) harassment under
20  California Government Code section 12940(j)(1); (3) retaliation under California Labor Code
21  sections 98.6 and 1102.5; (4) unspecified claims under the Rehabilitation Act of 1973, 29 U.S.C.
22  § 701 *et seq.*; and (5) unspecified claims under the Americans with Disabilities Act of 1990
23  (ADA), 42 U.S.C. § 12101 *et seq.*[1] Compl. ¶ 24. She seeks general and specific damages,
24  interest, costs, and any other appropriate relief. *Id.* at 5. The complaint names the CMD, Laura
25  Yeager, Nadar Araj, Donald Engel, Richard Rabe, Charlotte Clark, Rebecca Lorera, and one

---

[1] In addition to specific citations to section 12940, the complaint also cites the California Fair Employment and Housing Act (FEHA) in general. *See id.* ¶ 24.

hundred Doe defendants.² *Id.* at 1.  Ms. Golden alleges these individual defendants were employees of the National Guard or California Military Department.  *See id.* ¶¶ 3–9.

        The United States removed the case to this court in March 2016 under the Westfall Act, 28 U.S.C. § 2679(d)(2), and § 1346(b).  ECF No. 1.  Section 2679(d)(2) provides that a case may be removed to federal district court if the Attorney General certifies an individual defendant was employed by the United States and was acting within the scope of her office or employment at the time of the alleged injury, loss, or death.  28 U.S.C. § 2679(d)(2).  After removal, the action is deemed to be one against the United States, and the United States is substituted as a defendant.  *Id.*  Here, the Attorney General's delegate certified that three of the individual defendant, Yeager, Araj, and Engel, are current or former employees of the United States and were acting within the scope of their federal employment at the time of the events in question.  ECF No. 1-2.  The United States was substituted.  ECF No. 4.  Ms. Golden and the United States then reached a stipulation to dismiss the claims she had previously asserted against Yeager, Araj, and Engel, and Ms. Golden voluntarily dismissed the United States.  *See* Stip. Dismiss, ECF No. 8; Order and Order to Show Cause, ECF No. 14.

        The remaining defendants were ordered to show cause why the case should not be remanded to state court.  ECF No. 14.  They filed a timely response, arguing that the case remains properly before this court under 28 U.S.C. §§ 2679, 1331, and 1367.  ECF No. 15.  Plaintiff replied and argued the case should be remanded under § 1367.  ECF No. 20.  The remaining defendants also moved to dismiss the complaint, ECF No. 11, but later agreed to withdraw that motion pending this court's decision on the question of its continuing subject matter jurisdiction.

---

² The Ninth Circuit has held that when the identity of an alleged defendant is unknown, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Federal Rule of Civil Procedure 4(m) also provides for dismissal of defendants not served within 90 days of filing of the complaint unless plaintiff shows good cause, and this rule applies to Doe defendants.  *See, e.g.*, *Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

III.     JURISDICTION AND REMAND

Because this case involved claims against employees of the United States, it presented a federal question "at the very outset": were these employees acting within the scope of their employment? *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995). As § 2679 makes clear, the Attorney General's certification resolved this question conclusively in the affirmative for purposes of removal. 28 U.S.C. § 2679(d)(2). The initial removal of this case to federal court was therefore correct and is now incontestable. *See, e.g.*, *Osborn v. Haley*, 549 U.S. 225, 242 (2007). This court has subject matter jurisdiction.

This leaves the question of whether this case must remain in federal court. The parties here are not diverse, and as Ms. Golden clarifies, she means to assert no federal claims. *See* Reply to Resp. at 2, ECF No. 19. When an action is removed on the basis of a federal question that later disappears from the litigation, the case may ordinarily be remanded to state court when no other foundation supports federal jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also* 28 U.S.C. § 1367(c). Cases that remain in their early stages, like this one, are often remanded under this discretionary rule. *See, e.g.*, *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). But the situation is different when the state court case was removed under the Westfall Act, as here. Even if all federal claims and defendants are dismissed and only state claims and state defendants remain, the Westfall Act categorically prohibits remand. *See Dayton v. Alaska*, No. 12-00245, 2013 WL 3712408, at *4 (D. Alaska July 12, 2013) (remanding a case removed under the Westfall Act in light of the voluntary dismissal of the United States after removal), *rev'd*, 584 F. App'x 699 (9th Cir. 2014) (reversing and noting the Westfall Act's policy against "shuttling" cases between state and federal courts); *see also Osborn*, 549 U.S. at 243 ("[Section] 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court.").

Lower federal courts are not of one mind regarding the Westfall Act's application. Some have interpreted the Supreme Court's decision in *Osborn v. Haley* as addressing only a very specific situation: the case was removed on the basis of the Attorney General's certification under § 2679(d)(2), but the plaintiff later successfully challenged that certification. *See Salazar v.*

4

*PCC Cmty. Wellness Ctr.*, No. 08-1764, 2010 WL 391383, at *3–4 (N.D. Ill. Jan. 29, 2010). In *Salazar*, the court read *Osborn* to permit the case to return to state court after the United States was voluntarily dismissed, exactly the situation here. *See id.* It found that any other result would "allow a plaintiff to gain access to the federal courts by haphazardly naming a federally funded defendant as a party to the action, only to ensure that the government will initially certify the matter, knowing all the while that he or she has no intention of maintaining an action against the government." *Id.* at *4. By contrast, in *Kebaish v. Inova Health Care Services*, 731 F. Supp. 2d 483 (E.D. Va. 2010), a Virginia district court found that *Osborn* precluded remand "despite the fact that (i) the United States [had] been dismissed as a defendant, (ii) the remaining claims [arose] solely under state law, and (iii) the remaining defendants [were] Virginia citizens." *Id.* at 487.

After reviewing *Salazar* and *Kebaish*, another judge of this district concluded *Salazar* was irreconcilable with *Osborn's* broad pronouncement that the Westfall Act "categorically precludes a remand to the state court." *Anselmo v. Mull*, No. 12-1422, 2012 WL 4863661, at *3 (E.D. Cal. Oct. 11, 2012). A Maryland district court agreed. *Thornton v. Maryland Gen. Hosp.*, No. 13-162, 2013 WL 1943065, at *4 (D. Md. May 8, 2013). As discussed above, this reading also squares with the Ninth Circuit's relatively recent unpublished memorandum decision in *Dayton v. Alaska*, *supra*, 584 F. App'x 699. The case will not be remanded.

IV.    CONCLUSION

The order to show cause, ECF No. 14, is DISCHARGED. According to the parties' stipulation, ECF No. 20, the motion to dismiss is WITHDRAWN. The remaining defendants shall respond to the complaint within twenty-one (21) days.

IT IS SO ORDERED.

DATED: May 26, 2016.

UNITED STATES DISTRICT JUDGE