UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GOLDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE MILITARY DEPARTMENT, NATIONAL GUARD, STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | No. 2:16-cv-00507-KJM-AC<br><br>ORDER |

Having reviewed the allegations of the complaint and the parties' briefing, the court orders as follows:[1]

The complaint includes one claim, for wrongful death, asserted against all of the defendants. To state a claim for wrongful death, plaintiff must allege (1) the defendants were negligent or did some other wrongful act, (2) this negligence or wrongful act caused the death, and (3) she suffered a pecuniary loss as a result. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263 (2006).

---

[1] In an effort to streamline resolution of motions to dismiss in cases where the parties have counsel, when the court is granting leave to amend it is adopting a shortened form of order consistent with the order issued here.

1

1           A surviving heir may bring a wrongful death claim after a suicide.  *Tate v. Canonica*, 180 Cal. App. 2d 898, 909 (1960).  First, a plaintiff may succeed by alleging that the "defendant intended, by his conduct, to cause serious mental distress or serious physical suffering" and that the defendant's conduct in fact caused this distress or suffering, which was "a substantial factor in bringing about the suicide."  *Id.* (citation and quotation marks omitted); *accord, e.g.*, *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 301 (1988).  Second, a defendant may also be liable if he or she negligently causes a person to suffer from a mental illness, leading to "an uncontrollable impulse to commit suicide."  *Tate*, 180 Cal. App. 2d at 915; *accord, e.g.*, *Walsh v. Tehachapi Unified Sch. Dist.*, 997 F. Supp. 2d 1071, 1079 (E.D. Cal. 2014).

           Ms. Golden's factual allegations are too shallow to support her case.  They do not allow a reasonable inference that the defendants' wrongful acts were outrageous and a substantial factor in bringing about the suicide, let alone that the defendants meant to cause Mr. Golden serious emotional distress or serious physical suffering.  She alleges generally that the defendants "harassed" Mr. Golden, demoted him, deprived him of responsibilities, and made false claims against him in retaliation for his disclosures.  Compl. ¶ 17, ECF No. 1-1.  Neither is it plausible on these allegations that the defendants caused Mr. Golden to suffer from a mental illness.  She alleges his post-traumatic stress disorder predated his employment.  *Id.* ¶ 2.  Finally, she does not specify which defendants were responsible for which wrongful conduct, a critical omission in light of the fact that three defendants originally named in this case have since been voluntarily dismissed.  The court cannot draw a reasonable inference that the remaining defendants are liable.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

           The complaint is therefore dismissed with leave to amend.  *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("Leave to amend . . . should be freely given" absent "bad faith, undue delay, futility, or undue prejudice to the opposing party." (citations, alterations, and quotation marks omitted)); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]hen a viable case may be pled, a district court should freely grant leave to amend.").

1           Here, a viable claim can likely be presented because "public entities are generally liable for injuries caused by the negligence of their employees acting in the scope of their employment." *Hayes v. Cty. of San Diego*, 57 Cal. 4th 622, 629 (2013) (citing Cal. Gov't Code § 815.2). And an individual public employee is liable "for injury caused by his act or omission to the same extent as a private person." Cal. Gov't Code § 820(a). The court also cannot find at this early stage that the individual defendants owed and breached no duty of care. *See* Mem. P. & A. at 17–18.

           The defendants ask the court to limit any amendment to claims not founded on statutes cited in Ms. Golden's complaint. Although the court recognizes the generalized, legal nature of the defendants' arguments, it declines to impose this limitation without a more complete understanding of Ms. Golden's theory of the case and adequate factual allegations. She and her counsel are nonetheless reminded of their obligations under Federal Rule of Civil Procedure 11(b) and are instructed to consider the citations offered in the defendants' current briefing. The parties are also referred to the provisions of this court's standing order regarding efforts to meet and confer in advance of any motion. *See* Standing Order at 4, ECF No. 3-1.

           The motion to dismiss is **granted with leave to amend**. An amended complaint shall be filed, if at all, within **twenty-one days** of the date this order is filed.

           IT IS SO ORDERED.

 DATED: August 1, 2016.

_____
UNITED STATES DISTRICT JUDGE